UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARMINDER SINGH,

Petitioner,

v.

CHRISTOPHER CHESTNUT et al.,

Respondents.

No.  1:26-cv-00567-DAD-CKD

ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On January 22, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner filed a motion for temporary restraining order.  (Doc. No. 2.)  On January 23, 2026, the court issued an order in which it set a briefing schedule on the motion for temporary restraining order, and directed respondents to "substantively address whether the instant matter is substantively distinguishable from the court's prior orders in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  (Doc. No. 4.)

1

On January 27, 2026, respondents filed an opposition to petitioner's pending motion. (Doc. No. 6.)  Respondents concede therein that this "case does not appear to present any facts distinguishing it substantively from *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025)." (*Id.* at 3.)  Respondents also indicate that "the government does not intend to supplement its briefing beyond the instant opposition; the government accordingly (and respectfully) encourages the Court to rule on the merits of Singh's underlying habeas petition at the same time it rules on his motion for a temporary restraining order." (*Id.* at 3–4.)

In support of the petition for writ of *habeas corpus* and motion for temporary restraining order, petitioner presents evidence of the following.

Petitioner is a citizen of India who was briefly detained by immigration officials when he entered the United States on March 11, 2023.  (Doc. No. 1-1 at 3, 5.)  On March 13, 2023, petitioner was issued a notice to appear in which he "was charged with removability under Section 212 (a)(6)(A)(i) of the INA, codified as 8 U.S.C. § 1182(a)(6)(A)(i)." *Otero ex rel. Caicedo-Ruiz v. Kaiser*, No. 25-cv-06536-NC, 2025 WL 3301056, at *2 (N.D. Cal. Nov. 26, 2025) (citation omitted).  On March 14, 2023, petitioner was released from custody by immigration authorities on his own recognizance and enrolled in an ISAP program.  (Doc. No. 1-1 at 19–24.)  He was also granted U.S. employment authorization through December 2028.  (Doc. No. 1-1 at 31.)  Petitioner alleges that he has complied with all of the requirements of his release and established strong ties to the Sikh community.  (Doc. No. 1 at 2.)  Petitioner further alleges that on November 18, 2025, he was re-detained by ICE without any explanation during his routine visit to their Bakersfield, California office.  (*Id.* at 3.)

Because respondents have conceded that the instant matter is not substantively distinguishable from the court's prior order in *O.A.C.S.*, the court adopts the reasoning in *O.A.C.S.* and *Perez* and concludes that petitioner's re-detention violates due process.

/////

/////

/////

Accordingly, for the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED in part as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to prior to his re-detention on November 18, 2025;

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a pre-deprivation hearing before an immigration judge where respondents will have the burden of establishing that petitioner presents a flight risk or danger to the community;

    c. Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to renewal upon a properly noticed and supported motion seeking such fees and costs.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **January 28, 2026**

                                      DALE A. DROZD
UNITED STATES DISTRICT JUDGE